■ In the Matter of JASMINE A. and Another, Infants. LAW GUARDIAN FOR THE CHILDREN, Appellant, v COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [760 NYS2d 127] —Order, Family Court, New York County (Jay M. Segal, Ref.), entered on or about July 30, 2002, which denied the Law Guardian's motion to suspend supervised visitation between the children and their mother and reinstated such visitation, which had been temporarily suspended by order to show cause dated April 17, 2002 pending determination of the motion, unanimously affirmed, without costs.

These two girls, now five and eight years old, have been in nonkinship foster care since 1997, when their mother voluntarily placed them in the care of respondent Commissioner pursuant to Social Services Law § 358-a by executing a voluntary placement instrument pursuant to Social Services Law § 384. Although the mother was represented by assigned counsel in the Family Court, she has not appeared and is unrepresented on appeal.

The record does not substantially support the Law Guardian's claim that the children's subsequent statements to various foster care authorities, investigators and professionals, that their mother had sexually abused them in 1999 when weekend home visits with their mother were briefly authorized and then canceled after the children's complaints, are credible. Nor were other compelling reasons for denying the mother supervised visits with her daughters demonstrated. While several professionals have concluded that the children were likely sexually abused in their mother's home in 1999 and that visitation with her would cause them psychological harm, it is undisputed that two investigations conducted by the Office of Confidential Investigation of the New York City Administration for Children's Services (OCI) concluded that there was no credible evidence of the alleged abuse by the mother. Although OCI concluded that there was some credible evidence that the girls were sexually abused at the time by their then 18-year-old brother, he is now out of his mother's home.

The Referee held a hearing on the Law Guardian's motion on July 30, 2002, at which the Law Guardian relied solely upon her moving papers and presented no witnesses or additional evidence. On the basis of the record presented, it is apparent that the Law Guardian failed to produce sufficient evidence to support a finding that supervised visitation at the foster care agency between the children and their mother would be detrimental to them. On the contrary, the children's caseworker who supervised four visits between the children and their mother in February 2002 informed the Referee that the visits had gone well. Moreover, both respondent Commissioner and the foster care agency had no objection to restoring supervised visits at that time.

Although the record reflects that the Law Guardian was to review the children's records and, if she believed there were grounds for the termination of parental rights, to submit such grounds in writing to the court, as of the date of the hearing, the official permanency planning goal for the children was "return to mother."

Thus, this is not a proceeding to terminate parental rights, but an ongoing one to review the children's foster care status during which the Law Guardian moved to suspend the then ongoing supervised visits. If, in fact, the present plan is to work towards the eventual return of the children to their mother, all parties should be making their best efforts to accomplish that goal and supervised visits with their mother would seemingly further that end. Obviously, if any problem arises when the supervised parental visits are resumed it should be addressed expeditiously. Concur—Buckley, P.J., Nardelli, Andrias, Rosenberger and Friedman, JJ.